**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **PEGGY SINCLAIR,** | : |
| Plaintiff, | : |
| vs. | : Misc 08-0311-CG-C |
| **ALLSTATE INDEMNITY CO.,** et al., | : |
| Defendants. | : |

**ORDER**

This matter, before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c), involves non-party Pilot Catastrophe Service's ("Pilot") motion to quash (Doc. 6) plaintiff's amended deposition subpoena, styled to include a motion for a protective order to protect the information sought by plaintiff.  For the reasons that follow, Pilot's motion to quash is determined to be premature and should be **DENIED WITHOUT PREJUDICE.**

**I.  BACKGROUND**

Plaintiff first served Pilot with a deposition subpoena containing a duces tecum demand on May 28, 2008.  (Doc. 6, ¶ 2.)  On June 9, 2008, Pilot filed objections to and a motion to quash (Doc. 1) that subpoena, and this court entered an order (Doc. 2) setting deadlines for plaintiff's response.  On June 17, 2008, Pilot supplemented (Doc. 3) its objection and motion to quash after plaintiff made some extremely slight changes to the subpoena in question, and this court entered a second order (Doc. 4) setting fresh deadlines for a response from the plaintiff

and for a hearing. As of this writing, however, plaintiff has failed to respond to either of this court's orders.

On August 21, 2008, this court found Pilot's motion to amend or correct their motion to quash *and* Pilot's original motion to quash to be moot, observing that the date for the deposition had passed and that the issuing party had entirely failed to respond to the motion. This court also noted that plaintiff did not move to compel compliance with her subpoena. Five days after that order, or August 26, 2008, plaintiff served on Pilot another subpoena, which Pilot claims is "substantially similar and almost identical" to the original subpoena which Pilot made the target of their unopposed motion to quash. (Doc. 6, ¶ 4.) Basically, Pilot contends that plaintiff is trying to "circumvent" this court's orders by "failing to respond to the original motions to quash and then simply trying to serve an almost identical subpoena." (Doc. 6, ¶ 5.)

This court's independent analysis of the current subpoena affirms Pilot's contention that it is essentially the same as the previous subpoena to which Pilot objected, with the only difference being the gradual increase in specificity or decrease in the scope of some of the questions therein. (Doc.1, Exhibit Subpoena; Doc. 3, Exhibit A; Doc. 6, Exhibit Subpoena.)

## II. DISCUSSION

Pilot's motion to quash is premature. Fed.R.Civ.P. 45(c)(2)(B)(i) relates that if an objection is made to a subpoena (which Pilot filed), "*the serving party may move the issuing court for an order compelling production.*" *Id*. (emphasis

added).  That motion has not been filed explicitly or in response to Pilot's objections and motions to quash. Accordingly, Pilot is not under any obligation to comply with the subpoena or any modification of same.  ("If a person [or entity] subject to a subpoena to produce materials or permit inspection does object pursuant to Rule 45(c)(2)(B), **then [the entity] need not comply with the subpoena.**  However, at any time, on notice to the commanded person, the party serving the subpoena may move the issuing court for an order compelling compliance under Rule 45(c)(2)(B)(i)." (emphasis added). 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463 (3d ed. 2008)).

**III.  Conclusion**

In sum, Pilot is under no obligation to respond to the current subpoena until plaintiff obtains an order from the court requiring compliance.  If and when plaintiff seeks such an order that will be the time for the court to consider issues of burdensomeness, the nature of the information sought and the possible failure of the plaintiff to perform her duty of protecting the non-party from undue burden and expense, imposed pursuant to Rule 45(c)(1).  Accordingly, the motion to quash (Doc. 6) is **DENIED WITHOUT PREJUDICE** to being raised at the time plaintiff seeks to enforce the subpoena as amended.

DONE AND ORDERED this 24th day of September, 2008.

s/WILLIAM E. CASSADY  
UNITED STATES MAGISTRATE JUDGE